UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICOLE JOHNSON, Parent, and N.S., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> BOSTON PUBLIC SCHOOLS and MASSACHUSETTS BUREAU OF SPECIAL EDUCATION APPEALS, et al., <br><br> Defendants. | Civil Action No. 1:15-cv-10026-ADB |

## **MEMORANDUM AND ORDER ON MOTIONS TO DISMISS**

BURROUGHS, D.J.

Plaintiffs filed this action on January 5, 2015. It was ultimately determined that the complaint would be bifurcated to allow a prompt resolution of the school placement issue. Part One of the Bifurcated Complaint, which alleged violations of the Individuals with Disabilities Education Act (IDEA), was filed on November 13, 2015. [ECF No. 71]. On August 17, 2016, the Court granted Defendant Boston Public Schools' Motion for Summary Judgment on all counts of Part One of the Bifurcated Complaint. [ECF No. 132]. The Court also denied Plaintiffs' motion to amend the complaint to add Boston Children's Hospital and individual doctors as defendants on March 30, 2016. [ECF No. 127].

Part Two of the Bifurcated Complaint, which alleges violations of the Americans with Disabilities Act, the Rehabilitation Act, and the Constitution (First and Fourteenth Amendments), was filed on December 22, 2015. [ECF No. 93]. Now before the Court are Motions to Dismiss Part Two of the Bifurcated Complaint filed by Defendants Bureau of Special Education Appeals (BSEA) and Boston Public Schools (BPS). [ECF Nos. 138, 140]. For the

reasons discussed below, Defendant BSEA's motion is granted, and Defendant BPS's motion is denied.

## A. Insufficient Service on BSEA and BPS

Defendants BSEA and BPS both argue that they should be dismissed from the lawsuit because Plaintiffs have not formally served them with Part Two of the Bifurcated Complaint. They point to the Court's January 7, 2016 electronic order, which stated, in reference to Part Two of the Bifurcated Complaint, that "Plaintiffs should ensure that all defendants named therein are served with process in accordance with Fed. R. Civ. P. 4." [ECF No. 97]. Defendants understand this language to require Plaintiffs to serve them with Part Two of the complaint, while Plaintiffs state they interpreted this order to mean that they should serve any defendants who had not yet been served with earlier versions of the complaint. Part Two of the Bifurcated Complaint names four individual defendants in addition to BSEA and BPS, and Plaintiffs admit that the individual defendants have not been served.

In the circumstances of this case, the Court will not dismiss Part Two of the Bifurcated Complaint solely on the basis that Plaintiffs did not serve Part Two on BSEA and BPS in accordance with the requirements of Fed. R. Civ. P. 4. BSEA and BPS concede they were served with either an amended version of the initial complaint or Part One of the Bifurcated Complaint, which is adequate to fulfill the purposes of service of process. See Martello v. United States, 133 F. Supp. 3d 338, 347 (D. Mass. 2015) ("[T]he purpose of the rules for service is to 'supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.'" (quoting Henderson v. United States, 517 U.S. 654, 672 (1996))). Furthermore, BSEA and BPS have actively participated in this litigation, and both parties received an electronic copy of Part Two of the

2

Bifurcated Complaint via ECF. Thus, because BSEA and BPS received sufficient service of process concerning the case as a whole and were able to actively participate in their defense, dismissing Part Two would serve no purpose other than to cause unnecessary delay and expense.[1]

### B. Insufficient Service on Individual BPS Defendants

Plaintiffs conceded that they have not yet served the individual BPS defendants named in Part Two of the Bifurcated Complaint. Plaintiffs allege that three of the individual defendants, Jeremiah Ford, Marci Goldowski, and Lynn O'Brien, are employees of the Horace Mann School, and Thomas Chang is the Superintendent of Schools for the City of Boston. Plaintiffs represent that they were unable to obtain home addresses for the individual defendants, and were not permitted to serve these defendants in person at their workplaces. [ECF No. 145 at 2]. Plaintiffs previously attempted to effect service on Defendants Ford, Goldowski, and O'Brien by leaving the summons and complaint at the front desk of BPS's central office [ECF Nos. 43, 44, 49, 57], but the Court determined that this was not a permissible method for effecting service pursuant to Federal Rule of Civil Procedure 4, and therefore dismissed the complaint without prejudice [ECF No. 69]. It does not appear that Plaintiffs ever filed a notice of service upon Defendant Chang.

Pursuant to Federal Rule of Civil Procedure 4(m), where service has not been completed within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Although Plaintiffs conceded that the individual City

---

[1] Even if the Court granted the motions to dismiss due to insufficient service, the Court would then grant Plaintiffs an extension of time to effect service, because Plaintiffs' interpretation of the Court's order was reasonable. Fed. R. Civ. P. 4(m) (court must extend time for service if plaintiff shows good cause for failure to serve). Thus, the proceedings would eventually continue (assuming Plaintiffs did complete service).

3

defendants have not been served, the Court reads Rule 4 to require it to give notice to Plaintiffs before these defendants can be dismissed. The Court is willing to entertain a motion by Plaintiffs to extend time for service, given that the Plaintiffs appear to have been somewhat diligent in their attempts to serve the individual defendants, but the Court cannot overlook the fact that these defendants have not yet been served. Any motion to extend time for service must be filed by February 22, 2017. If Plaintiffs do not file such a motion, the claims against the individual defendants will be dismissed. The Court also cautions Plaintiffs to carefully evaluate whether the claims in Part Two of the Bifurcated Complaint can be brought against the individual defendants as a matter of law. Plaintiffs have already conceded that recovery against individual defendants is not possible under the ADA or Section 504 of the Rehabilitation Act. [ECF No. 145 at 2]. See D.A. v. Houston Indep. Sch. Dist., 716 F. Supp. 2d 603, 611 (S.D. Tex. 2009), aff'd sub nom. D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist., 629 F.3d 450 (5th Cir. 2010) (individual defendants could not be sued for violations of IDEA, Section 504, or the ADA, because "[i]t is well-established that these statutes are meant to prevent discrimination by public agencies, not officials acting in their individual capacities").

    **C.    BSEA's Sovereign Immunity**

Defendant BSEA also argues in its motion to dismiss that the Eleventh Amendment bars Plaintiffs' claim against the BSEA. As BSEA notes, only Count VII of Part Two of the Bifurcated Complaint pertains to the BSEA. That count claims that a BSEA hearing officer violated Plaintiff Nicole Johnson's First Amendment rights by declining to credit her testimony at the hearing, allegedly in retaliation for her statements about the inferiority of public schools. Part Two of the complaint asserts that this constitutes a violation of the Civil Rights Act of 1871.

(Plaintiffs provide no citation to this law, which appears to have been subsumed within 42 U.S.C. § 1983, see Hill v. McDonough, 547 U.S. 573, 579 (2006)).

BSEA is correct that this court lacks jurisdiction to adjudicate Plaintiffs' First Amendment claim against BSEA. As a general matter, a federal lawsuit "in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). There are some exceptions to this protection: where Congress has expressly authorized such a suit, where a state has waived its immunity by consenting to be sued in federal court, Maysonet-Robles v. Cabrero, 323 F.3d 43, 49 (1st Cir. 2003), and where the federal court enters an injunction against state officials "to conform future conduct to the requirements of federal law," Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015) (quoting Rosie D. v. Swift, 310 F.3d 230, 234 (1st Cir. 2002)).

Here, none of the exceptions to Eleventh Amendment immunity apply. Congress did not abrogate state sovereign immunity for § 1983 suits. Quern v. Jordan, 440 U.S. 332, 338–40 (1979). The state has not consented to be sued in federal court. Lastly, Part Two of the Bifurcated Complaint does not request an injunction to ensure future conduct is in accordance with federal law. Rather, the relief requested is damages, an order continuing N.S.'s placement at the READS Collaborative or a comparable institution in order to redress past harm (which would only apply to BPS, not BSEA), and "any other relief" that the Court deems appropriate. The only count against BSEA claims a violation of the First Amendment during the hearing and in the subsequent decision, and there is no reason to think that entering an injunction would be an appropriate remedy for an injury that occurred solely in the past. Therefore, the count against BSEA is barred by the Eleventh Amendment and must be dismissed.

D.  **Conclusion**

Accordingly, Defendant BSEA's motion to dismiss [ECF No. 138] is <u>GRANTED</u>, and BSEA is hereby removed as a defendant. Defendant BPS's motion to dismiss [ECF No. 140] is <u>DENIED</u>. BPS must file an answer or a motion to dismiss on other grounds by <u>February 22, 2017</u>. If Plaintiffs wish to move for an extension of time to serve the individual BPS defendants (Chang, Ford, Goldowski, and O'Brien), that motion must be filed by <u>February 22, 2017</u>; otherwise, the individual defendants will be dismissed.

**SO ORDERED.**

February 1, 2017 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE