UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICOLE JOHNSON, Parent, and N.S., a minor, | * * * |
| Plaintiffs, | * * |
| v. | * * |
| BOSTON PUBLIC SCHOOLS and MASSACHUSETTS BUREAU OF SPECIAL EDUCATION APPEALS, et al., | * Civil Action No. 1:15-cv-10026-ADB * * * |
| Defendants. | * * * |

# **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

This action commenced in January 2015. Plaintiffs filed Part One of the Bifurcated Complaint on November 13, 2015, and Part Two on December 22, 2015. [ECF Nos. 71, 93]. Part One consisted of Plaintiffs' appeal of the decision by the Board of Special Education Appeals ("BSEA") hearing officer, pursuant to the Individuals with Disabilities Education Act ("IDEA"). [ECF No. 71]. Part Two alleges various claims under the Rehabilitation Act of 1973, the Americans with Disabilities Act, and constitutional violations. [ECF No. 93]. On August 17, 2016, the Court granted Defendant Boston Public Schools' ("BPS") Motion for Summary Judgment on all counts of Part One of the Bifurcated Complaint. [ECF No. 132]. On February 1, 2017, the Court granted Defendant BSEA's motion to dismiss Part Two of the Bifurcated Complaint, and denied Defendant BPS's motion to dismiss. [ECF No. 149].[1]

---

[1] Plaintiffs did not name Boston Children's Hospital ("BCH") or any individual doctors as defendants in either part of the Bifurcated Complaint, and on March 30, 2016, the Court denied Plaintiffs' motion to amend the complaint to add BCH and the doctors as defendants. [ECF No. 127]. Thus, at this time, the remaining defendants are BPS, Tommy Chang, Jeremiah Ford, Marci Goldowsky (or Goldowski), and Lynn O'Brien.

Now before the Court are BPS's second motion to dismiss Part Two of the Bifurcated Complaint [ECF No. 158], and Defendants Chang and O'Brien's motion to dismiss the claims against them [ECF No. 162].

A.   **BPS's Second Motion to Dismiss**

BPS has filed a motion to dismiss all counts for failure to state a claim, but every argument in BPS's motion relies on the factual findings made by the BSEA hearing officer as reflected in the Administrative Record. It is not apparent, however, that the Court may consider the factual findings in the Administrative Record at the motion to dismiss stage. Ordinarily, in evaluating a 12(b)(6) motion to dismiss, "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." Ironshore Specialty Ins. Co. v. United States, 871 F.3d 131, 135 (1st Cir. 2017) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). There are a few "narrow exceptions" to this rule, "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. (quoting Watterson, 987 F.2d at 3). BPS invokes this rule, but does not explain which particular exception applies here. While Plaintiffs would likely concede that the Administrative Record is an accurate reflection of the hearing officer's findings, they contest the substance and validity of those findings. This difference reflects a factual dispute that likely cannot be resolved at the motion to dismiss stage. Furthermore, while the Court's prior summary judgment opinion [ECF No. 132] relied on the hearing officer's factual findings, because that opinion considered claims that differed from the ones currently at issue, and because the standard of review was not *de novo*, the analysis for those claims is not identical to the analysis that would be required here. As such, to

the extent that the rulings in that order established any type of law of the case or have preclusive effect, those rulings cannot be used to resolve the issues presented by the instant motion. Therefore, given the claims and the state of the record, if BPS wishes to press these arguments, it must either identify the basis on which the Court can rely on the Administrative Record to resolve a 12(b)(6) motion, or file a motion for summary judgment.

Notwithstanding the above, however, the Court has identified a more fundamental problem with the claims advanced in Part Two of the Bifurcated Complaint: it appears that they are subject to an exhaustion requirement. The IDEA requires aggrieved individuals to exhaust their administrative remedies prior to filing a lawsuit. Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 59 (1st Cir. 2002) (citing 20 U.S.C. § 1415(l)). Moreover, this "exhaustion principle 'applies even when the suit is brought pursuant to a different statute so long as the party is seeking relief that is available under subchapter II of IDEA.'" Id. (quoting Rose v. Yeaw, 214 F.3d 206, 210 (1st Cir. 2000)). The statute explicitly notes that claims brought pursuant to the ADA and the Rehabilitation Act seeking relief available through the IDEA are subject to the exhaustion requirement. 20 U.S.C. § 1415(l). Courts have interpreted the exhaustion requirement to apply to § 1983 claims as well. See, e.g., Frazier, 276 F.3d at 59, 64; Doucette v. Jacobs, No. CV 15-13193-JGD, 2018 WL 457173, at *12–13 (D. Mass. Jan. 17, 2018), appeal docketed, No. 18-1160 (1st Cir. Mar. 2, 2018). The exhaustion requirement applies even where the plaintiffs seek money damages. Frazier, 276 F.3d at 60–64. Furthermore, exhaustion is required where a parent alleges that a school retaliated against her for advocating on behalf of her child. Weber v. Cranston Sch. Comm., 212 F.3d 41, 47, 51 (1st Cir. 2000).

The exhaustion requirement only applies where a plaintiff seeks relief from the denial of a free appropriate public education ("FAPE"); claims that fall outside the scope of the FAPE are

3

not subject to the exhaustion requirement. See Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 752 (2017). If a lawsuit alleges the denial of a FAPE, "the plaintiff cannot escape [the exhaustion requirement] merely by bringing her suit under a statute other than the IDEA . . . ." Id. at 754. To make this determination, "a court should look to the substance, or gravamen, of the plaintiff's complaint." Id. at 752. The Supreme Court has identified a few questions that can help illuminate this issue. "First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school—say, a public theater or library?" Id. at 756. "[S]econd, could an adult at the school—say, an employee or visitor—have pressed essentially the same grievance?" Id. When the answer to one or both of these questions is no, "then the complaint probably does concern a FAPE, even if it does not explicitly say so." Id. In addition, "a court may consider [whether] a plaintiff has previously invoked the IDEA's formal procedures to handle the dispute—thus starting to exhaust the Act's remedies before switching midstream." Id. at 757. "A plaintiff's initial choice to pursue [administrative procedures] may suggest that she is indeed seeking relief for the denial of a FAPE—with the shift to judicial proceedings prior to full exhaustion reflecting only strategic calculations about how to maximize the prospects of such a remedy." Id. Here, it appears that most, if not all, of the claims in Part Two of the Bifurcated Complaint satisfy these criteria, and thus may be subject to dismissal due to Plaintiffs' failure to exhaust their administrative remedies.[2]

Next, the Court has observed additional problems with Counts VI and VII of Part Two of

---

[2] It is unclear whether a failure to exhaust IDEA remedies deprives the Court of subject matter jurisdiction over the claims. The First Circuit has not ruled on this issue. See Mr. H. v. Reg'l Sch. Unit 21, No. 2:14-CV-148-GZS, 2015 WL 846791, at *5 n.5 (D. Me. Feb. 26, 2015). The Second Circuit appears to view the failure to exhaust an IDEA claim as depriving the district court of subject matter jurisdiction. Hope v. Cortines, 69 F.3d 687, 688 (2d Cir. 1995). Other courts are split. Mr. H., 2015 WL 846791, at *5 n.5.

the Bifurcated Complaint, which allege constitutional violations.[3]

Count VI alleges that BPS violated the mother's Fourteenth Amendment right to "raise her child as she see[s] fit" because BPS instructed Student in sign language, despite the mother's objections. Plaintiffs do not assert that this decision was made according to a policy or practice established by BPS. Under the rule articulated in Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), "a municipality may not be held liable under a theory of *respondeat superior* for an employee's constitutional violation," but "it may be held liable when 'execution of [the municipality's] policy or custom . . . inflicts the injury' and is the 'moving force' behind the employee's constitutional violation." Saldivar v. Racine, 818 F.3d 14, 20 (1st Cir. 2016) (quoting Monell, 436 U.S. at 694). Although the complaint alleges that Defendants Ford and Chang are "policy makers for the City," and asserts that they "should be compelled to develop an institutional policy . . . for parents who are concerned about the language or mode of instruction," this is a request for relief, not a factual allegation. Furthermore, even if the complaint had alleged that the decision to instruct Student in sign language was made pursuant to a policy or custom of BPS, the Fourteenth Amendment right "to direct the upbringing and education" of one's children does not "include the right to dictate the curriculum at the public school to which parents have chosen to send their children." Pisacane v. Desjardins, 115 F. App'x 446, 450 (1st Cir. 2004).

Count VII asserts that the BSEA hearing officer made an adverse credibility determination against the mother due to the mother's political beliefs, in violation of her First Amendment rights. Since this claim is based on conduct that took place in the administrative hearing, and a similar argument was raised in Part One of the Bifurcated Complaint, which was

---

[3] Counts VI and VII may be subject to dismissal for failure to exhaust administrative remedies, for the reasons discussed supra, in addition to the specific issues identified here.

5

an appeal of the agency decision, it appears Count VII is duplicative of an issue that already was, or should have been, raised in the administrative proceeding and subsequent appeal. Furthermore, BSEA has been dismissed as a defendant, and it is not apparent that this claim can be asserted against BPS where the only allegation pertaining to BPS is that the hearing officer acted "at the instigation" of BPS's attorney.

Given the potential deficiencies noted above, the parties shall submit supplemental briefing addressing the exhaustion requirement, liability under Monell, whether Plaintiffs have stated a claim for a violation of the Fourteenth Amendment, and whether Count VII can be asserted against BPS. Defendant BPS is granted leave to amend its motion to dismiss [ECF No. 158] to include arguments on the issues identified in this order if it so chooses.

**B.     Motion to Dismiss Chang and O'Brien**

Defendants Chang and O'Brien filed a separate motion to dismiss the claims asserted against them individually. Plaintiffs have not opposed this motion.

Chang argues that he is entitled to qualified immunity because he was not involved with the provision of services to Student and did not make any discretionary decisions concerning Plaintiffs. Part Two of the Bifurcated Complaint makes no factual allegations concerning Chang; it only states that he is the Superintendent of Schools for the City of Boston, in addition to the claim that he is a "policy maker[] for the City," and the assertion that he "should be compelled to develop an institutional policy" for the city. The complaint does not explain how he was involved in the decisions at issue, either personally or as a responsible party. As such, Plaintiffs have failed to set forth sufficient factual detail to state a claim against Chang, and accordingly, the claims against him are dismissed.

Defendant O'Brien argues that the claims against her should be dismissed pursuant to

Federal Rule of Civil Procedure 12(b)(5) for failure to effect proper service of process. The proof of service filed by Plaintiffs indicates that the summons and complaint were served on the secretary at the Horace Mann School. [ECF No. 163-1 at 4]. This attempt at service is not adequate. See Fed. R. Civ. P. 4(e)(2) (requiring service in person, or by leaving a copy at the individual's dwelling, or delivering a copy to an agent). Federal Rule of Civil Procedure 4(e)(1) permits service to be made in accordance with state law, but Massachusetts Rule of Civil Procedure 4(d)(1) imposes essentially the same requirements as Federal Rule of Civil Procedure 4(e) for service upon an individual. These rules do not permit service by leaving the documents at the defendant's workplace. In addition, O'Brien asserts that the secretary is not her agent, and Plaintiffs have not provided any evidence that would indicate otherwise. Thus, Plaintiffs have again failed to comply with the applicable rules. In recognition of the difficulties that Plaintiffs have encountered in serving the individual defendants, the Court previously granted them multiple extensions of time to complete service on the individual defendants. [ECF Nos. 69, 149, 153]. Plaintiffs are not entitled to unlimited periods of time within which to make repeated attempts at service, however. Therefore, the claims against O'Brien are dismissed.[4]

---

[4] Defendants Ford and Goldowsky (or Goldowski) have not yet filed an answer or a motion to dismiss in response to Part Two of the Bifurcated Complaint. The most recent proof of service filed by Plaintiffs indicates that neither defendant has been properly served. [ECF No. 163-1 at 7, 9]. Pursuant to Federal Rule of Civil Procedure 4(m), when a defendant has not been served, the Court "must" dismiss the claims against that defendant "or order that service be made within a specified time." The Court may do so on its own motion after giving notice to Plaintiffs. Fed. R. Civ. P. 4(m). Therefore, Plaintiffs are hereby notified that Ford and Goldowsky (or Goldowski) will be dismissed as defendants if Plaintiffs do not effect proper service on them by March 23, 2018.

### C. Conclusion

Accordingly, the parties shall submit supplemental briefing on BPS's motion to dismiss [ECF No. 158] addressing the issues identified <u>supra</u> by <u>March 23, 2018</u>. Defendants Chang and O'Brien's motion to dismiss [ECF No. 162] is <u>GRANTED</u>.

**SO ORDERED.**

March 7, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE